■

Martin Alvarado GUZMAN; Amparo Alvarado, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73420.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Martin Alvarado Guzman, Ontario, CA, pro se.

Amparo Alvarado, Ontario, CA, pro se.

Brenda Elizabeth Alvarado Arguelles, Ontario, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

---

\* The Clerk is directed to strike from the docket the agency number of Brenda Elizabeth Alvarado Arguelles, the daughter of the two other listed petitioners. The record indicates that Alvarado Arguelles did not file an application for cancellation of removal, but requested (and was granted) only voluntary departure. Petitioners' opening brief also makes no argument that Alvarado Arguelles is entitled to cancellation of removal.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Martin Alvarado Guzman and Amparo Alvarado, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' orders affirming without opinion an immigration judge's ("IJ") decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005).

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

To the extent petitioners contend the IJ violated their due process rights by ignoring a psychological evaluation of their son, the contention is not supported by the record and does not amount to a colorable constitutional claim. *See id.* at 930 ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States'"). Petitioners' due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.